### JAS. A. ROUSE v. JAMES CATE.

**Appeal—Record of Mandate.**

It is the imperative duty of the trial court to enter of record a mandate of the Court of Appeals.

APPEAL FROM DAVIESS CIRCUIT COURT.

February 26, 1874.

OPINION BY JUDGE PETERS:

From the transcript of the proceedings now before us, it appears that an uncertified copy of the opinion and mandate of this court was filed, but it does not appear that the mandate was entered on the record, or that there was a motion to again place the case on the docket, and enter the mandate. But after the opinion and mandate were filed, and before a judgment had been rendered by the court below in conformity to the mandate of this court, appellee was permitted to file an amended answer, in which he alleges that on his own petition in the district court of the United States, he had been adjudged a bankrupt, and by said judgment had been discharged from all his then existing debts, the debt to appellant being included; that he was notified of said proceedings in bankruptcy, and appeared and contested the right of appellee to his discharge. The discharge was not filed; but the court below dismissed the petition with costs incurred since the filing of the amended answer, and the plaintiff below has appealed.

It has been repeatedly held that it is imperative on the court below to enter the mandate of this court. It has no option to obey or disobey it. This court itself has no power to revoke it after the expiration of the term at which it was pronounced. It must be carried into effect by the inferior court according to its true intent and meaning. McLean v. Nixon, 18 B. Mon. 768, and authorities cited. The judgment, when rendered by the inferior court in pursuance to the mandate of this court, stands in that court as all other final judgments over which the court has no control after the expiration of the term at which it was rendered, unless to vacate or modify it in the manner prescribed by law. Ib. The court below should have rendered judgment in conformity to the mandate of this court, and as to matters of discharge subsequently occurring, left the parties to such remedies as the law afforded.

Wherefore the judgment is reversed and the cause remanded with directions to render judgment as herein indicated and for further proceedings consistent herewith.

*Ray & Walker, for appellant.*

*Sweeney & Stuart, for appellee.*